## In re SEIZURE OF GAMBLING PROCEEDS.

### No. 14–11–00965–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 30, 2012.

---

Patricia R. Lykos, for The State of Texas.

Andre Robert, for Worldwide Electronic Games, L.L.C.

Panel consists of Justices BOYCE and McCALLY and Senior Justice MIRABAL.*

## MAJORITY OPINION

WILLIAM J. BOYCE, Justice.

Petitioner Worldwide Electronic Games, L.L.C. appeals the summary judgment granted below in which the trial court determined that 41 video gambling devices seized by the State were illegal gambling devices and ordered them forfeited to the State. We affirm.

---

* Senior Justice Margaret Garner Mirabal sitting by assignment.

1. The cash that was seized is not at issue.

2. *See* Tex. Penal Code Ann. § 47.01(4) (Vernon 2011).

## BACKGROUND

On May 28, 2009, the Harris County Sheriff's Office seized 41 video gambling devices and approximately $1,249 in cash from Lucia Briseno at a game room known as "Gift–n–Fun 1," located in Katy. On July 30, 2009, the State filed its original petition for forfeiture. Briseno did not file a response, but Worldwide filed an original answer asserting an interest in the video gambling devices.[1] The State amended its petition and, on June 3, 2010, mailed its requests for admissions to Worldwide. Among other things, the requests for admissions sought to establish that the 41 devices seized were illegal gambling devices subject to forfeiture. Worldwide's counsel received the requests for admissions on June 11, 2010 and responded by fax on July 11.

The State moved for summary judgment on three grounds: (1) Worldwide's untimely response to the requests for admissions resulted in their deemed admissions; (2) Worldwide offered no evidence contradicting the State's position that the devices seized were illegal gambling devices subject to forfeiture;[2] and (3) the "innocent owner" defense asserted by Worldwide is precluded by statute.[3] The trial court granted the State's motion on September 28, 2011, without specifying the grounds on which it based its decision. Worldwide moved for a new trial, which was denied by operation of law. Worldwide timely filed this appeal.

## ANALYSIS

We review *de novo* a trial court's grant of a traditional motion for summary judg-

---

3. *See* Tex.Code Crim. Proc. Ann. art. 18.18(b) (Vernon Supp.2012).

ment, using the same standard the trial court used. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *Seber v. Union Pac. R.R.,* 350 S.W.3d 640, 645 (Tex.App.-Houston [14th Dist.] 2011, no pet.). A traditional summary judgment motion may be granted if the motion and evidence show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005); *Seber,* 350 S.W.3d at 645. When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *Urena,* 162 S.W.3d at 550; *Seber,* 350 S.W.3d at 645.

The State's first summary judgment ground is based on Worldwide's deemed admissions. Worldwide argues that its responses to the State's requests for admissions were timely and that, as a result, there are no deemed admissions. Worldwide concedes that there is no reversible error if the admissions were properly deemed admitted. This is in accordance with the relevant case law. *See Marshall v. Vise,* 767 S.W.2d 699, 700 (Tex.1989) ("An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not introduce testimony to controvert it."); *USAA Cnty. Mut. Ins. Co. v. Cook,* 241 S.W.3d 93, 102 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (same). As a result, we need only determine whether Worldwide's responses were timely.

Under Texas Rule of Civil Procedure 198.2(a), a party responding to requests for admissions must serve a written response on the requesting party within 30 days after service of the requests. Service by mail is complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. Tex.R. Civ. P. 21a. When service by mail triggers a due date for the receiving party, that due date is extended by three days. *Id.; Awoniyi v. McWilliams,* 261 S.W.3d 162, 165 (Tex. App.-Houston [14th Dist.] 2008, no pet.). Upon a showing that service sent by mail was not received within three days after it was mailed, a trial court may extend the due date but is not required to do so. Tex.R. Civ. P. 21a.

Although the parties disagree on the timeliness of Worldwide's responses, they both rely on State's Exhibit 6—attached to the State's motion for summary judgment to support their arguments on the timeliness issue. State's Exhibit 6 is a United States Postal Service "Track & Confirm" history of the State's requests for admissions—from the time they arrived at the local post office to the time they were delivered to Worldwide's counsel. It shows that the requests arrived at the local post office the morning of June 5, 2010 and that, later the same day, notice was left at the delivery address. State's Exhibit 6 also shows that the package was not actually delivered until June 11.

The State contends that Worldwide's responses are untimely because they were submitted more than 33 days after June 3, 2010, the date on which the State served them by mail. Worldwide contends that its responses are timely under Rules 21a and 198.2 because it submitted them within 30 days of June 11, 2010, the date on which its counsel received them. Worldwide argues that Rule 21a implicitly requires delivery within three days and automatically tolls the 30–day response time if delivery takes longer than three days.

In support of its argument, Worldwide cites cases stating that (1) a party's duty to respond to requests for admissions is dependent upon receipt of those requests;

and (2) a court cannot punish a party for failing to respond to requests it never receives. *See Approximately $14,980.00 v. State,* 261 S.W.3d 182, 186 (Tex.App.-Houston [14th Dist.] 2008, no pet.); *Payton v. Ashton,* 29 S.W.3d 896, 898 (Tex. App.-Amarillo 2000, no pet.).

In both cases, the requests for admissions were returned to the United States Post Office marked "unclaimed." *$14,980.00,* 261 S.W.3d at 186; *Payton,* 29 S.W.3d at 897. The reviewing courts concluded that the "unclaimed" stamp was enough to rebut the presumption of receipt under Rule 21a and that, without the presumption of receipt, requests for admissions could not properly be deemed admitted. *$14,980.00,* 261 S.W.3d at 189–90; *Payton,* 29 S.W.3d at 899.

Worldwide does not assert that it failed to receive the requests for admissions. The parties agree that they were received on June 11. Therefore, these cases do not control here.

The Corpus Christi Court of Appeals addressed similar circumstances in *Cudd v. Hydrostatic Transmission, Inc.,* 867 S.W.2d 101 (Tex.App.-Corpus Christi 1993, no writ). Hydrostatic mailed requests for admissions on December 30, 1991, and Cudd received them on January 8, 1992. *Id.* at 102. Cudd mailed his responses February 7. *Id.* The court rejected Cudd's argument that the February 7 responses were timely:

> Cudd's complaint that the time for response should not have begun until he actually received the requests is unfounded. The rules do not provide automatic tolling of the start date due to tardy mail service. Clause 3 of Rule 21a allows parties who receive tardy mail service to present such evidence to the court, which may extend the relevant time periods or take other appropriate action. There is no indication in the

record that Cudd requested such an extension during the response period. Cudd's failure to request an extension means that [his] responses were late filed and the admissions were properly deemed.

*Id.* at 103. Cudd subsequently asked the trial court during the summary judgment hearing to allow withdrawal of the deemed admissions, and argued on appeal that the trial court erred in failing to do so. *Id.* The court of appeals held that the trial court abused its discretion by failing to allow withdrawal of the deemed admissions as requested by Cudd. *Id.* at 105.

The record before us contains no indication that Worldwide asked at any juncture during proceedings in the trial court to extend the deadline for responding to the requests for admissions based on delayed delivery, or to withdraw deemed admissions. Worldwide does not contend on appeal that the absence of such an extension or the refusal to allow withdrawal in the trial court constitutes error.

To the contrary, Worldwide maintains that it needs no extension of its deadline because its responses were timely filed thirty days after receipt. In so arguing, Worldwide misreads the mailbox rule in same manner identified in *Wheeler v. Green,* 157 S.W.3d 439, 441–42 (Tex.2005) (per curiam). Nowhere in its summary judgment response, its motion for new trial, or its appellate briefing has Worldwide sought relief that reasonably could be construed as a request to withdraw deemed admissions. *Cf. id.* at 441–42. Nor has Worldwide attempted to establish good cause in the trial court or on appeal. *Cf. id.* at 442 n. 1 (contrasting analysis of pro se litigant's arguments with circumstances in which client is represented by counsel; although errors in computing dates and determining how to address late responses to requests for admissions did not signal

intent or conscious indifference on the part of a pro se litigant, "such a conclusion might well be warranted" if a lawyer committed the same conduct).

Rule 198.2(a)'s plain language requires a party to respond to requests for admissions "within 30 days after service of the request." Worldwide urges us to construe "service" to mean "receipt." We decline to do so, and our dissenting colleague does not argue that we should do otherwise.

Because Worldwide erroneously believed its responses to have been timely filed, it requested neither an extension of time to respond nor permission to withdraw deemed admissions. Because Worldwide still believes its responses were timely filed, it has not urged us on appeal to imply such requests for extension or withdrawal within the papers it did file. Thus, Worldwide does not ask us to find error in the trial court's failure to grant such requests.

Rule 198 vests trial courts with discretion to consider a request to withdraw or amend deemed admissions. Had Worldwide assigned such error on appeal, we would have applied an abuse of discretion standard and asked whether the trial court abused its discretion by failing to give relief that was not requested. *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996).

Our dissenting colleague would find such error without a request and would hold that Worldwide's persistence in its view of the law should have placed the trial court on notice that Worldwide wanted its deemed admissions withdrawn. From a policy standpoint, the course proposed by the dissent urges that courts must act proactively and preemptively in the name of giving due process when the "process" at issue has not been sought. This approach is both erroneous and problematic under the circumstances presented in this case. From a practical standpoint, this approach would shift the burden of proof under Rule 198.3 for withdrawing deemed admissions.

Absent an extension, Worldwide's responses were due on or before July 6. The responses were submitted on July 11. We follow *Cudd* and hold that Worldwide's responses to the requests for admissions were untimely. The trial court properly granted summary judgment based upon deemed admissions. Because Worldwide does not contend that it requested withdrawal of the deemed admissions, or that the trial court abused its discretion in failing to allow withdrawal, we do not consider this issue.

## CONCLUSION

In light of Worldwide's deemed admissions,.there is no genuine issue of material fact and the State is entitled to judgment as a matter of law. Accordingly, we affirm the trial court's summary judgment.

MIRABAL, S.J., dissent.

MARGARET GARNER MIRABAL, Senior Justice, dissenting.

I respectfully dissent.

The uncontroverted, agreed-upon summary judgment evidence shows that (1) Worldwide received the State's requests for admissions on June 11, 2010, and (2) the State received Worldwide's responses to the requests for admissions 30 days later, on July 11, 2010.

In response to the State's motion for summary judgment based on deemed admissions, Worldwide argued that its responses to the requests for admissions were timely and therefore the requests should not be deemed admitted. Even though Worldwide did not file a motion to withdraw deemed admissions, the arguments presented to the trial court were

sufficient to put the trial court on notice of exactly that complaint, and the trial court should have allowed the deemed admissions to be withdrawn in accordance with controlling Supreme Court authority. Thus, the summary judgment is not supported by deemed admissions. Accordingly, I dissent.

This case is controlled by *Wheeler v. Green,* 157 S.W.3d 439 (Tex.2005) (per curiam).[1] In that case, the trial court granted summary judgment based on deemed admissions. *Id.* at 441. It was uncontested that the appellant (Sandra) had filed responses to the requests for admissions 27 days after she received the requests, but 35 days after the "mailbox rule" deemed they were served, thus making the responses two days late under Texas Rule of Civil Procedure 21(a) (providing service occurs upon mailing and extending response time by three days). *Id.* Sandra did not file a response to the motion for summary judgment, but she did file a motion for new trial in which she argued her responses to the requests for admissions were timely, and therefore the summary judgment was improperly granted on deemed admissions. *Id.* at 441–42. The Supreme Court held that the effect of Sandra's argument in the motion for new trial was a request that the deemed admissions be withdrawn, stating:

> ... although Sandra never filed a motion to withdraw deemed admissions or a motion to allow a late response to the summary judgment, the arguments and requests in her motion for new trial were sufficient to put the trial court on

notice of exactly that complaint. *See* Tex.R.App. P. 33.1(a).

*Id.* at 442.

In the present case, Worldwide did not wait until the motion for new trial to argue that it had timely filed its responses to the requests for admissions; rather, it made that argument in its response to the motion for summary judgment, and thus put the trial court on notice that it sought the withdrawal of any deemed admissions. Withdrawal of deemed admissions should be granted when there is a showing of (1) good cause, and (2) no undue prejudice. *Id.*

## GOOD CAUSE

Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. *Id.* In *Wheeler,* the Supreme Court noted:

> While Sandra argued only that her responses were timely, the trial court could not have concluded otherwise without noting that she was mistaken as to when "service" occurs.... On this record, the lower courts could have concluded that Sandra was wrong on her dates and wrong on how to correct them, but not that either was the result of intent or conscious indifference.

*Id.* Likewise, in the present case, the record is clear that Worldwide did not intentionally ignore the deadline for filing the responses to the requests for admissions, nor did it act with conscious indifference to the rule of law.[2] This case is similar to *Cudd v. Hydrostatic Transmission, Inc.,* relied on by the Majority Opinion. 867

---

1. Although *Wheeler* involved a *pro se* defendant, the analysis and due process considerations apply equally to the present case.

2. In its response to the motion for summary judgment, Worldwide cited *Payton v. Ashton,* 29 S.W.3d 896, 898 (Tex.App.-Amarillo 2000,

no pet) in support of its position that the time for filing responses to requests for admissions begins to run from the date of receipt of the requests, quoting language from the opinion supporting that conclusion.

S.W.2d 101 (Tex.App.-Corpus Christi 1993, no writ). There, the attorney for Cudd also had the mistaken belief that the time for filing the responses to the requests for admissions ran from the date of the receipt of the requests; the appellate court held that good cause was shown and the deemed admissions should have been withdrawn. *Id.* at 104–05.

## UNDUE PREJUDICE

Undue prejudice depends on whether withdrawing an admission will delay trial or significantly hamper the opposing party's ability to prepare for it. *Wheeler*, 157 S.W.3d at 443. In *Wheeler*, where Sandra's responses to requests for admissions were received two days late but six months *before* the summary judgment motion was heard, the Supreme Court concluded: "The lower courts could not have concluded on this record that Darrin would suffer any undue prejudice if the admissions were withdrawn." *Id.* Similarly, in the present case, assuming Worldwide's responses were late by five days, they were filed more than *one year before* the submission of the State's motion for summary judgment; no undue prejudice would have been suffered by the State if the deemed admissions were withdrawn.

## DUE PROCESS CONCERNS

The State served 49 requests for admissions on Worldwide aimed at obtaining Worldwide's admissions that it had no valid claims, and no valid defenses to the State's action. Before admissions are allowed to be deemed due to tardy responses, the courts are required to ensure that due process has been afforded the parties.

The Supreme Court in *Wheeler* explained the due process concerns:

We recognize that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. While requests for admissions were at one time unique in including an automatic sanction for untimely responses, failure to comply with any discovery requests now bears similar consequences. *See* Tex.R. Civ. P. 193.6(a). Nevertheless, we have held for all other forms of discovery that absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions....

When requests for admissions are used as intended—addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents—deeming admissions by default is unlikely to compromise presentation of the merits. But when a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due-process concerns arise.

*Id.* at 443 (citations omitted). The Wheeler court concluded that the record contained no evidence of flagrant bad faith or callous disregard for the rules. *Id.* at 443–44. Similarly, in the present case, the record contains no evidence of flagrant bad faith or callous disregard for the rules; in fact, Worldwide's construction of the rules is supported by *Payton*, 29 S.W.3d at 898,[3] which was cited with approval by this Court in *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.-

---

**3.** In its response to the motion for summary judgment, Worldwide quoted the following language from *Payton:* "Next, upon combining our interpretation of Rule 21a with that of Rule 198.2(a), we are also compelled to hold that a party's duty to respond to requests for admission is dependent upon receipt of those requests. And, because his duty does not ripen until service has been perfected *(i.e.* his receipt of them), the party cannot be made to suffer the effect of not answering or answering untimely." 29 S.W.3d at 898.

Houston [14th Dist.] 2008, no pet.). Due process bars the merits-preclusive sanction of summary judgment on deemed admissions in this case. If the Majority Opinion truly followed *Cudd*, it would hold, applying relevant principles, that withdrawal of the deemed admissions should have been allowed. *See Cudd*, 867 S.W.2d at 105.

The fact that Worldwide did not specifically ask the trial court to withdraw deemed admissions is not fatal to Worldwide's right to due process. The Texas Supreme Court has clearly held that a defendant's argument in the trial court, that responses to requests for admissions were timely filed and therefore there are no deemed admissions, is sufficient to put the trial court on notice that the defendant is asking for withdrawal of deemed admissions. *See Wheeler*, 157 S.W.3d at 441–42. In its third issue on appeal to this Court, Worldwide specifically asserts the trial court erred in granting summary judgment based on deemed admissions. I would sustain Worldwide's third issue.

### CONCLUSION

Worldwide's deemed admissions should have been withdrawn, and therefore the State's motion for summary judgment based on deemed admissions should have been denied.